The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8618
Dear Representative Minton:
You have requested my opinion on the following question:
 Does a city acting as a general contractor who is constructing a building have to bid the materials for the electrical if the materials are less than ten thousand dollars ($10,000.00) and the electrician doing the work is an employee of the city (not a contract electrician)?
RESPONSE
The answer to this question will depend upon whether the cost of the materials for the electrical portion of the overall building construction project, when added to all other costs of the project, will cause the total cost of the project to exceed the statutory thresholds. If so, it is my opinion that the contract for the electrical materials must be bid.
This question is governed by two statutory provisions: A.C.A. § 22-9-203
and A.C.A. § 14-58-303.
The first of these, A.C.A. § 22-9-203, states in pertinent part:
 (a) No contract providing for the making of major repairs or alterations, for the erection of buildings or other structures, or for making other permanent improvements shall be entered into by the state or any agency thereof, any county, municipality, school district, or other local taxing unit with any contractor in instances where all estimated costs of the work shall exceed the sum of twenty thousand dollars ($20,000) unless:
* * *
 (2) Any county, municipality, school district, or other local taxing unit shall have first published notice of its intention to receive bids one (1) time each week for not less than two (2) consecutive weeks in a newspaper of general circulation published in the county in which the proposed improvements are to be made or in a trade journal reaching the construction industry.
A.C.A. § 22-9-203(a)(2).
The second applicable statute, A.C.A. § 14-58-303, states in pertinent part:
 (2)(A)(i) In a city of the first class, where the amount of expenditure for any purpose or contract exceeds the sum of ten thousand dollars ($10,000), the mayor or the mayor's duly authorized representative shall invite competitive bidding thereon by legal advertisement in any local newspaper.
A.C.A. § 14-58-303(2)(A)(i) (emphasis added).
I have previously interpreted the above-quoted language of A.C.A. §14-58-303 — particularly the words "any purpose" — to require that the cost of all contracts relating to the same overall project be considered together to determine whether the $10,000.00 threshold has been met, so as to require bidding. See Op. Att'y Gen. No. 2001-396. The rationale for this interpretation is that the various individual contracts that are necessary to a project all relate to the same overall "purpose." In the scenario suggested by your question, the overall "purpose" is the construction of a building.
Accordingly, the deciding factor in determining whether bidding is required for the electrical materials for this project will be whether the sum of the cost of the electrical materials, when added to the other costs of the overall construction project, will exceed either $20,000.00 or $10,000.00. If the sum exceeds either amount, the contract for the electrical materials must be bid under the either A.C.A. § 22-9-203 (if the sum exceeds $20,000.00) or A.C.A. § 14-58-303 (if the sum exceeds $10,000.00).
One other provision of A.C.A. § 14-58-303 should be noted. Under Paragraph (b)(2)(B), the city may, under certain circumstances, waive the bidding requirement. That paragraph states:
 (B) The governing body, by ordinance, may waive the requirements of competitive bidding in exceptional situations where this procedure is deemed not feasible or practical.
A.C.A. § 14-58-303(b)(2)(B).
The question of whether the situation is "exceptional," and whether the bidding procedure is "not feasible or practical," is a question of fact. If a city can establish these facts with regard to a particular contract, it can waive the bidding requirement for projects for which the total cost is more than $10,000.00 but less than $20,000.00. The city cannot avail itself of this waiver provision if the total cost of the project exceeds $20,000.00. The bidding requirements of A.C.A. § 22-9-203
will govern in that case.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General